U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 8 2015

TONY R. MOORE, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

REGINALD E. THOMAS (#430490)        DOCKET NO. 15-CV-2397; SEC. P

VERSUS                              JUDGE DRELL

SGT. D. LEWIS                       MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se Plaintiff Reginald E. Thomas filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 21, 2015. [Doc. #1] He was granted leave to proceed *in forma pauperis* on September 30, 2015. [Doc. #4] Plaintiff is in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He complains that Sgt. D. Lewis failed to protect him from an attack by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on June 26, 2015, Defendant Lewis allowed Plaintiff out of his cell in order to shower. At the same time, two other inmates were out of their cells in the hall of the "working cell block." [Doc. #1, p.4] Plaintiff claims that he should have been housed on a different tier since Plaintiff was classified "extended lockdown level 1." When Plaintiff exited the shower and was returning to his cell, he was attacked with a homemade weapon by one of those inmates, resulting in several stab

wounds.

Plaintiff complains that the other inmates should not have been on the tier at the time he was attacked.

### Law and Analysis

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825 (1994); Johnston v. Lucas, 786 F.2d 1254, 1259 (5th Cir. 1986). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. See Farmer, 511 U.S. at 834. The Eighth Amendment mandates 'reasonable' safety, not 'absolute' safety. See Newton v. Black, 133 F.3d 301, 307 (5th Cir. 1998). To succeed on a failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004)(internal quotation marks and citation omitted). Thus, to establish an Eighth Amendment "failure to protect" violation, the inmate must show that the prison official acted or failed to act *despite his knowledge of a substantial risk of serious harm*. Farmer, 511 U.S. at 841. It is not enough that an official should have inferred the risk posed to an inmate; instead, the official must draw such an inference. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003).

According to the response to Plaintiff's grievance, when Plaintiff was allowed out of the shower, he became confrontational with another inmate who was on the telephone on the tier. [Doc. #1, p.6] Both inmates then became engaged in a physical confrontation. Assistance was called, and the inmates complied with initial orders to cease the confrontation. However the other inmate then attacked Plaintiff again. An inflammatory agent was used to gain compliance. Both inmates were instructed to get on the ground, and neither complied, so inflammatory agent was sprayed again. Both inmates were restrained and checked by medical staff. The response notes that policy does not require inmates on the C1 tier to be restrained while out on the tier. [Doc. #1, p.6]

Plaintiff has not presented allegations that Defendant Lewis knew that Plaintiff faced a substantial risk of harm from the attacker on the tier or that Lewis intentionally exposed Plaintiff to the attacker for the purpose of causing harm. There are no allegations that Plaintiff had ever expressed to the defendant any threat of attack by the other inmates. To the extent that the defendant should have perceived some risk from the attacker, an official's failure to alleviate a significant risk that he should have perceived but did not cannot be condemned as the infliction of punishment in violation of the constitution. See Farmer, 511 U.S. at 837.

Even if the other inmates should not have been out on the tier

3

at the same time as Plaintiff, there are no allegations that this defendant allowed them onto the tier or that the defendant intended to cause harm to Plaintiff. Plaintiff could raise, at best, a claim of negligence against the officer, but that does not present a constitutional claim.

Plaintiff does not state whether he received a disciplinary violation or conviction following the altercation. To the extent that he was convicted of a disciplinary violation, lost good time, and his conviction has not been overturned, then his present claim would be barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 648 (1997).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

4

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 18th day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE